

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# USA v. Yongo

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Yongo" (2004). *2004 Decisions*. Paper 513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3055

———

UNITED STATES OF AMERICA

v.

BERNARD OUMA YONGO

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Ct. No. 02-cr-00543)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2004

Before: NYGAARD , McKEE and CHERTOFF, Circuit Judges.

(Filed: July 8, 2004)

———

OPINION

———

CHERTOFF, Circuit Judge.

Bernard Ouma Yongo was convicted of importing more than one kilogram of heroin into the United States in violation of 21 U.S.C. § 952(a).[1] The sole issue on appeal is whether there was sufficient evidence presented at trial from which a jury could conclude beyond a reasonable doubt that Yongo knew heroin was hidden in the briefcase he transported. We conclude that the evidence was sufficient, and for the reasons stated below, we will affirm the District Court's judgment.

I.

The District Court exercised jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. "In reviewing [a defendant's] challenge to the sufficiency of the evidence, we apply a particularly deferential standard of review. The verdict must be sustained if there is substantial evidence to support it." United States v. Cartwright, 359 F.3d 281, 285-86 (3d Cir. 2004) (internal citations and quotations omitted). "'We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt.'" Id. (quoting United States v. Cothran, 286 F.3d 173, 175 (3d Cir. 2002)). Moreover, where, as here, the defendant fails to file a timely motion

---

[1] This provision provides, in pertinent part, that "[i]t shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance." 21 U.S.C. § 952(a).

2

for judgment of acquittal we review sufficiency of evidence for plain error. United States v. Gaydos, 108 F.3d 505, 509 (3d Cir. 1997).

Because we write only for the parties, we abbreviate our recitation of the facts. On May 12, 2002, Yongo attempted to enter the United States from Kenya through Philadelphia International Airport. Upon arrival, Yongo provided a customs inspector with a passport and baggage declaration indicating that he was Bernard Yongo arriving from Kenya on British Airways Flight 67. Yongo presented for customs inspection a briefcase and suitcase. In response to questions by a customs inspector, Yongo represented that the suitcase and briefcase, as well as their contents, belonged to and had been packed by him. Customs inspectors testified that Yongo was sweating and dabbing his forehead, despite the cool temperature.

Yongo opened the briefcase, which contained small wooden carvings wrapped in newspaper. On his customs declaration, Yongo declared the value of his items as $100. The thirteen wooden carvings were appraised at approximate $10 each in their source country and $40 apiece in the United States, for a total value of $130 and $520, respectively.

An initial inspection of the briefcase revealed that the top was unusually thick, and upon further examination it was revealed that the briefcase contained a false lid, permitting contraband to be hidden. The briefcase was drilled, revealing a white substance which tested positive for heroine. Expert testimony indicated that the heroin,

3

with a net weight of 1501 grams, was worth at least $500,000.

Following the waiver of his *Miranda* rights, Yongo altered his story. Yongo informed custom agents that a boyhood friend had paid for his ticket to the United States in exchange for him transporting the wooden carvings. The parties stipulated that the plane ticket bore a face value of $2,300 in United States currency. Yongo provided the agent with additional details about the purported purpose and circumstances of the trip. He explained that the original purpose of the trip was to attend a niece's graduation from college, which the parties stipulated was held on May 10, 2002 (notably two days before his arrival) in St. Louis, Missouri.

Apart from the graduation, Yongo informed the agent that he planned on staying with his sister. Yongo did not know where his sister lived or her telephone number, but he did have an email address for his nephew. Yongo indicated that he had supplied a photograph in advance of his arrival so that he could be recognized by the person picking him up at the airport. Yongo explained that a man by the name of Peter Odfiambo, or someone selected by Odfiambo, was going to meet him in Philadelphia and take him to New Jersey for a few days, whereupon he was planning on emailing his nephew to locate his sister. Among the items seized from Yongo's person was a small notebook which had written on the inside the name "Peter Odfiambo" and the name and address of a Best Western hotel in Philadelphia.

Yongo was tried before a jury and found guilty on March 11, 2003. On April 1,

4

2003, Yongo filed a *pro se* motion for judgment of acquittal and a new trial. The motion was denied as untimely, and Yongo was sentenced. This appeal follows.

II.

Yongo argues that the evidence was insufficient because the record contains no evidence, direct or circumstantial, from which a reasonable jury could have found beyond a reasonable doubt that he knew heroin was in the suitcase. We disagree. The above outlined evidence provides ample basis from which the jury could conclude that Yongo had knowledge that the suitcase contained drugs.

"It is not unusual that the government will not have direct evidence. Knowledge is often proven by circumstances." United States v. Iafelice, 978 F.2d 92, 98 (3d Cir. 1992). In this case there was, at the very least, substantial circumstantial evidence to support the inference that Yongo knew that the briefcase contained drugs. We have previously noted the significance of ownership, "considered in the context of the surrounding circumstances," in assessing whether a defendant knew that he was transporting drugs. See id. at 97.[2] In this case, Yongo initially claimed, before recanting his story, that he packed and owned the suitcase and its contents. In addition, the conclusion that Yongo had knowledge of the drugs is bolstered by the surrounding

_____

[2] As the Government points out, the fact of ownership distinguishes this case from other decisions of this Court. See Iafelice, 978 F.2d at 96-97 (distinguishing, e.g., U.S. v. Wexler, 838 F.2d 88 (3d Cir. 1988)).

5

circumstances, including Yongo's demeanor during the inspection, the relative value of the statues as compared to the cost of the plane ticket, and Yongo's not particularly believable revised statements regarding the purpose of his trip. Taking the evidence in the light most favorable to the Government, there was sufficient evidence from which a reasonable jury could conclude that Yongo had knowledge that he was carrying drugs.

For the foregoing reasons, we will affirm the District Court's judgment.